IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 1:13-CR-278 |
| v. | ) | |
| | ) | The Honorable Liam O'Grady |
| RONNIE PIERRE HOLMES, | ) | |
| | ) | Sentencing Date:  Sept. 27, 2013 |
| Defendant. | ) | |

## POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING

The United States of America, through its attorneys, Kathleen M. Kahoe, Acting United States Attorney, and Stacey K. Luck, Special Assistant United States Attorney, and Michael J. Frank, Assistant United States Attorney, hereby files this Position of the United States With Respect to Sentencing in the instant case.  The government has reviewed the Presentence Investigation Report ("PSR") and concurs with the findings of the Probation Office, including the determination that the applicable Sentencing Guidelines range is 135-168 months' imprisonment.  The United States respectfully submits that a sentence of 135 months' imprisonment appropriately accounts for each of the factors set forth in Title 18, United States Code, Section 3553(a), and requests the Court impose such a sentence.

## I.      Factual Background

On February 27, 2013, the victim, a 15-year-old girl, met the defendant for the first time. The victim was outside of her father's apartment; the defendant was in the parking lot of the apartment complex waiting for his girlfriend (and the co-defendant in this case) to come outside. Within 24 hours of this encounter, the defendant had recruited the victim to act as a prostitute, had sex with her as a "tryout," and had begun scheduling appointments for her to engage in

1

prostitution activities.   During the following two weeks, the defendant and his co-defendant continued to schedule appointments, instructed her to take explicit photographs of herself, posted the photographs online to solicit business for the victim, and accompanied the victim when she met with customers, one of whom forced the victim to have sex after she cried and yelled at him to stop.

Throughout this time, the defendant and his co-defendant took money from the victim to pay for hotel rooms where they would spend the night.   Importantly, the money made from prostituting the victim was crucial because the defendant was otherwise jobless and homeless.   In addition, to prostituting the victim, the defendant had sex with the victim on numerous occasions without a condom.   Notably, the defendant also encouraged the victim to have sex with customers without a condom, if they would pay more money for it.

During this two week period, the defendant exerted control over the juvenile victim by telling her that he "owned her" and that she had to do what he told her.   This continued until the victim made a late night call to her mom asking for help.   Shortly thereafter, local law enforcement officials were able to locate and rescue her.

II.      **Sentencing Standards**

Although the Sentencing Guidelines are advisory, sentencing courts "must consult those Guidelines and take them into account when sentencing."   *United States v. Booker*, 125 S. Ct. 738, 767 (2005).   "[A] district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines.   Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence."   *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).   Those factors include the nature and circumstances of the offense, the history and

characteristics of the defendant, and the need for the sentence to promote respect for the law, provide just punishment, deter criminal conduct, protect the public, and avoid unwarranted sentencing disparities.  18 U.S.C. § 3553(a).

## III.    Sentencing Guidelines Calculation

The United States concurs in the Probation Office's Sentencing Guidelines calculation. The Base Offense Level for Sex Trafficking of a Juvenile is 30.  U.S.S.G. § 2G1.3(a)(2).  The offense level is increased by two levels because the defendant influenced a minor to engage in prohibited sexual conduct.  U.S.S.G. § 2G1.3(b)(2)(B).  The offense level is increased an additional two levels because the offense involved the use of a computer.  U.S.S.G. § 2G1.3(b)(3)(B).  The offense level is increased an additional two levels because the offense involved the commission of a sex act.  U.S.S.G. § 2G1.3(b)(4)(A).  After a three-level reduction for acceptance of responsibility,[1] the defendant is subject to a Total Offense Level of 33.  The defendant's criminal history is a Category I.  Accordingly, the Guidelines range is 135-168 months' imprisonment.

## IV.    Sentencing Recommendation:  A Sentence of 135 Months' Imprisonment is Reasonable and Appropriate

The government submits that a sentence of 135 months would be sufficient, but not greater than necessary, to account for the factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense, (2) the need to provide a just punishment for the crime, (3) the need to afford adequate deterrence for such conduct; and (4) the need to avoid unwarranted sentencing disparities.

---

[1] The United States moves this Court pursuant to U.S.S.G. § 3E1.1 to grant a three-level reduction in the defendant's offense level for acceptance of responsibility.  The defendant assisted authorities in the investigation and prosecution of his own misconduct by timely notifying the United States of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing the trial and permitting the United Sates and the Court to allocate their resources efficiently.

3

### A.  A Sentence of 135 Months' Imprisonment is Reasonable and Appropriate Given the Nature and Circumstance of the Offense.

One of the most significant aspects in this sentencing calculus is the nature and circumstances, as well as the seriousness, of the underlying offense:  the prostitution of Jane Doe when she was 15 years old.  The defendant had sex with the victim, the defendant (and his co-defendant) instructed her how to have sex with strangers, they encouraged her to have sex without a condom, they arranged for her to meet with multiple strangers to have sex, they posted sexually suggestive photographs of her online, and they used the money earned by the victim to pay for a place for them to stay.

The impact of this sex trafficking conspiracy on Jane Doe will be profound and long-lasting.  As will the impact of being forced, by at least one of the customers, to have sex against her will.  The defendant's sentence should reflect the impact of his crime on the victim.

### B.  A Sentence of 135 Months' Imprisonment is a Just Punishment, Affords Adequate Deterrence, and Avoids Unwarranted Sentencing Disparities.

A sentence of 135 months' imprisonment is a just punishment and will deter the defendant and others from similar acts, and will avoid unwarranted sentencing disparities.  First, a sentence of 135 months' imprisonment is a just punishment for the defendant who robbed the victim of her innocence and within hours of meeting her changed the course of her life forever.  A sentence of 135 months' imprisonment is an appropriate punishment in contrast to the mental, physical, and emotional trauma the young victim of this case will endure and try to overcome throughout her lifetime.

Second, a sentence of 135 months' imprisonment is an adequate deterrence for someone who may similarly consider preying upon a young, immature juvenile and involving them in the depraved and indifferent world of prostitution.  The defense is sure to argue that this was a crime

4

of opportunity, a chance meeting in a parking lot by the defendant and that this was not a larger prostitution ring that requires a sentence to send a message; however, this was not the defendant's first foray into exploiting women. The defendant previously engaged in prostitution activities by acting as a security guard for an escort agency in the District of Columbia, he also helped his girlfriend (and co-defendant) prostitute herself, and he attempted (unsuccessfully) to start a "stripper party bus" in the District of Columbia. The defendant's unsuccessful attempts to exploit other women left him homeless and, as a result, he choose to prey upon someone who was even more vulnerable, impressionable, and easily controlled – a 15-year-old girl with no prior prostitution experience. A sentence of 135 months' imprisonment could help deter the defendant from choosing to prey upon others (women or girls) in the future. In addition, if there is one pimp who learns of this punishment and thinks twice about sending a young girl out to have sex with a stranger, then the sentence of this Court will resonate far beyond this courtroom.

Finally, a sentence of 135 months' imprisonment will avoid unwarranted sentencing disparities. Judges in this District have frequently imposed sentences within the guidelines range for sex trafficking convictions under Title 18, United States Code, Section 1591. *See United States v. Ramiro Espinoza Jamaica,* (1:12-R-91) (defendant sentenced to a guidelines sentence of 168 months for trafficking a 14 year old girl on a single occasion); *see also United States v. Jose Ciro Juarez-Santamaria*, (1:11-CR-217) (defendant sentenced to a guidelines sentence of life in prison for prostituting a juvenile and allowing gang members to have sex with her for free);

*United States v. Alonso Bruno Cornejo Ormeno*, (1:11-CR-260) (defendant sentenced to a guidelines sentence of 292 months for recruiting four juvenile prostitutes).[2]

Ultimately, the recommended sentenced is at the low end of the Guidelines. Individuals such as the defendant (and his co-defendant) should not be allowed to conclude that juvenile prostitution is a viable business enterprise. They should also not be allowed to suspect that if they are caught they will be punished lightly. A sentence that is consistent with the Sentencing Guidelines provides a clear message what punishment awaits if they choose to prey upon our children.

## V.      Conclusion

For the reasons set forth above, the United States respectfully submits that a sentence of 135 months' imprisonment is warranted and just.

<div style="margin-left:40%">

Kathleen M. Kahoe
Acting United States Attorney


By:      _____/s/_____
Stacey K. Luck
Special Assistant United States Attorney (LT)
Michael J. Frank
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: (703) 299-3700
Facsimile: (703) 549-5201

</div>

---

[2] Attached to the defendant's sentencing paper is a chart that lists sentences imposed within this District and other districts that include some cases where below-guidelines sentences were imposed. As an initial matter, according to the sentences listed on the chart, the average sentence imposed in the Eastern District of Virginia was 187 months (the median sentence was 160 months' imprisonment). Furthermore, in evaluating the sentences listed on the chart that reflect a sentence of 120 months, the government cautions that those sentences may require a careful examination of additional factors, such as cooperation.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 20th day of September, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the counsel of record.

_____/s_____
Stacey K. Luck
Special Assistant United States Attorney (LT)
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone:  703-299-3700
Fax: 703-299-3980

7